FILED

09/07/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0485

DA 20-0485

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 225N

DAVID RAFES,

Plaintiff and Appellant,

v.

ANDY BUTTS,

Defendant and Appellee.

APPEAL FROM:     District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 2019-74
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David Rafes, Self-represented, Bozeman, Montana

For Appellee:

Page C. Dringman, Dringman Law Firm, PLLC, Big Timber, Montana

Submitted on Briefs:  August 18, 2021

Decided:  September 7, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Rafes (Rafes) appeals the August 28, 2020 Decision and Order Granting Defendant's Motion for Summary Judgment from the Sixth Judicial District Court, Park County, concluding Rafes's claims to be barred by time, as well as principles of res judicata and claim preclusion. We affirm and find no error by the District Court in granting Butts's Motion for Summary Judgment.

¶3 We review a district court's decision to award summary judgment de novo. *Babcock Place L.P. v. Berg, Lilly, Andriolo & Tollefsen, P.C.*, 2003 MT 111, ¶ 14, 315 Mont. 364, 69 P.3d 1145. Summary judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). The party moving for summary judgment has the initial burden of proving there are no genuine issues of material fact that would permit the non-moving party to succeed on the merits of the case. *Babcock Place L.P.*, ¶ 15. If the moving party meets this burden, then the non-moving party must provide substantial evidence that raises a

genuine issue of material fact in order to avoid summary judgment in favor of the moving party. *Babcock Place L.P.*, ¶ 15.

¶4 Rafes filed the current Complaint against Andy Butts (Butts) on May 21, 2019, alleging fraud and negligence in connection with the construction of the log home located in Ken Dan Acres outside of McLeod, Montana. Rafes contracted with Butts in 1999 to build the log home. The home was initially planned to be built in Colorado, but the height design of the home exceeded subdivision limitations. The home was then constructed in Montana. It is unclear exactly when the construction was completed but such occurred prior to it being listed for sale in 2003. The Complaint asserts Butts deceived Rafes as to what the actual value of the home would be in Montana when it was completed and deceived Rafes into relocating the home to Montana by leading him to believe the height design of the home could not be changed. Rafes also asserts Butts was negligent in failing to obtain engineering requirements to build the home in Montana. Butts sought summary judgment, asserting the claims to be barred by time, res judicata, and claim preclusion.

¶5 Rafes previously brought suit against Butts in 2014—*Rafes v. Butts*, No. DV-2014-181 (Mont. Sixth Judicial Dist. filed Dec. 18, 2014) (*Rafes I*)—asserting claims of negligence, construction defects, constructive fraud, breach of contract, Consumer Protection Act violations, breach of warranty, and breach of the implied covenants of good faith and fair dealing, all relating to the construction of the same log home at issue in this suit. That case was dismissed with prejudice in June 2018. Butts asserts the claims in the current Complaint are not only time-barred but were already

3

brought, litigated, and dismissed with prejudice in the prior litigation and thus precluded by principles of res judicata or claim preclusion. The District Court agreed with Butts.

¶6 From our review of the record, we find no error by the District Court. The present claims of fraud and negligence are simply reworded from claims brought in *Rafes I*, which were dismissed with prejudice. Rafes's fraud claim based on deception as to what the actual value of the home would be when completed in Montana is time-barred by the two-year limitation period provided for in § 27-2-203, MCA. Rafes clearly knew the value of the completed home in Montana by the time he listed it for sale in 2003 but failed to bring the claim in this action for nearly 16 years. It is time-barred. The same is true for the negligence claim. Rafes's negligence claim based on the allegation Butts was negligent for failing to obtain the engineering requirements to build the home in Montana is time-barred by the three-year limitation period provided in § 27-2-204, MCA. Rafes was aware at the time the project was relocated to Montana of the engineering requirements to build the home in Montana—which occurred in 2002 or 2003 at the latest but failed to bring the claim in this action n for approximately 16 years. It is time-barred. These fraud and negligence claims are also barred by principles of res judicata, or claim preclusion, as they were previously litigated in *Rafes I*.

¶7 Claim preclusion applies if:

(1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a

4

valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Asarco LLC v. Atl. Richfield Co.*, 2016 MT 90, ¶ 15, 383 Mont. 174, 369 P.3d 1019

(quoting *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 22, 366 Mont. 78, 285 P.3d 494).

All of these elements were met with regard to the fraud claim based on deception as to

what the actual value of the home would be when completed in Montana and the negligence

claim based on the allegation Butts failed to obtain the engineering requirements to build

the home in Montana.

¶8　　Rafes asserts that his fraud claim asserting Butts misrepresented that the log home

design could not be changed to meet the Colorado subdivision height requirements did not

arise until February 9, 2017, when Terry Dietzler's deposition was taken in *Rafes I*.  Rafes

asserts Dietzler testified during his deposition that the log home design could be modified

to meet the height requirements of the Colorado subdivision, contrary to what Rafes

perceived Butts represented to him.[1]　　Claim preclusion not only applies to claims

previously litigated by the same parties, but to claims that could have been brought in a

prior litigation involving the same parties.

> The law of claim preclusion 'reflects the expectation that parties who are given the capacity to present their "entire controversies" shall in fact do so.'  As such, claim preclusion bars a party from litigating claims that '*could have been* litigated in the first action.'  Consequently, claim preclusion may

---

[1] Butts asserts Dietzler's deposition testimony does not support Rafes's allegation.  Butts asserts Dietzler testified at his deposition that he modified the roof height to meet the Colorado subdivision restriction, but Rafes then got into a different dispute with the homeowners' association, which resulted in Rafes deciding to relocate the home to Montana.  It is not necessary to resolve this factual dispute as Rafes's fraud claim regarding this issue is barred by claim preclusion.

bar a party 'from litigating a matter that has never been litigated and that may involve valid rights to relief. The rationale here is to force parties to raise such matters in their first suit in the interest of judicial economy and avoiding the expense and vexation of multiple suits.'

*Asarco LLC*, ¶ 26 (quoting *Brilz*, ¶¶ 24, 21 (emphasis in original)).

¶9　From our review of the record, we agree with the District Court's analysis concluding Rafes's fraud claim, purportedly arising from Dietzler's deposition of February 9, 2017, is barred by the principle of claim preclusion as it could have been brought through request to amend the complaint in *Rafes I*.

¶10　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11　Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR